19-2437-pr
*Toliver v. Adner*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty.

PRESENT:   ROBERT D. SACK,
                    DENNY CHIN,
                    RAYMOND J. LOHIER, JR.,
                               *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SAMUEL RASHEEN RAYMOND TOLIVER
(STATE PRISONER: 09-B-2037),
                               *Plaintiff-Appellant*,

            -v-                                                                    19-2437-pr

K. ADNER, MAIL POSTAL CORRECTIONS
CARRIER,
                               *Defendant-Appellee.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*        The Clerk of the Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:        Samuel Rasheen Raymond Toliver, *pro se*,
                                Gowanda, NY.

FOR DEFENDANT-APPELLEE:          Barbara D. Underwood, Solicitor General,
                                Andrea Oser, Deputy Solicitor General, and
                                Sarah L. Rosenbluth, Assistant Solicitor
                                General, *for* Letitia James, Attorney General of
                                the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Samuel Toliver, proceeding *pro se*, sued defendant-appellee Karen Adner and four other prison officials under 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments and the New York Constitution, and for violations of the federal criminal mail theft statutes. The complaint alleged that, while an inmate at Riverview Correctional Facility, Toliver tried to mail samples of contaminated and undercooked prison food to government agencies for testing. Adner, a mail clerk, allegedly intercepted his mail, opened and read the letters accompanying these samples, and destroyed the letters and samples, after which she retaliated against him by filing a misbehavior report about the incident, which prompted a disciplinary hearing and punishment. The district court, *sua sponte*, dismissed all of Toliver's claims against Adner except his claims under the

2

First and Fourth Amendments, dismissed all claims against the other four officials, and allowed leave to replead the claims it had dismissed without prejudice.  Toliver did not file an amended complaint.  The district court then adopted a report and recommendation recommending dismissal of the two remaining claims based on Toliver's failure to exhaust administrative remedies.  Toliver appeals from the district court's judgment dismissing his complaint.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam).  Despite affording *pro se* litigants "some latitude in meeting

---

[1]     As Toliver did not file an amended complaint below and does not address on appeal the claims dismissed by the district court at the outset of the case, we limit our discussion to the two claims dismissed for failure to exhaust administrative remedies.

the rules governing litigation," we "normally will not[] decide issues that a party fails to raise in his . . . appellate brief." *Id.*; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632-33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief.") (internal quotation marks omitted); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal."). Nor will we decide issues that a *pro se* appellant raises in his brief only conclusorily or in passing. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (*pro se* appellant waived all claims against an appellee by mentioning the adverse district court ruling only "obliquely and in passing"). Finally, we will not typically address issues raised for the first time on appeal. *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam).

Toliver's appellate brief generally repeats his First Amendment retaliation allegations and conclusorily asserts that he stated a retaliation claim (apparently against Adner, as his brief does not mention the dismissed defendants). But that claim went forward and he does not address the district court's reasons for its dismissal: his failure to exhaust administrative remedies. He also fails to address the dismissal of his Fourth Amendment claim for failure to exhaust. His conclusory statement that the "elements of

4

each of his causes of action do[ ] exist," Appellant's Br. at 17, does not explain why he believes the claims were improperly dismissed. Toliver has thus waived any challenge to the district court's dismissal orders. See *Terry*, 826 F.3d at 632-33; *Gerstenbluth*, 728 F.3d at 142 n.4; *Moates*, 147 F.3d at 209.

The one argument Toliver does raise -- that he exhausted his administrative remedies because exhaustion is not required for judicial review under N.Y. C.P.L.R Article 78 -- was asserted for the first time on appeal and is also waived. *Nortel*, 539 F.3d at 132. But even if we were to address that argument, it is meritless. Toliver is correct that New York law does not require exhaustion of administrative remedies if an Article 78 petitioner challenges the constitutionality of a statute or regulation pursuant to which an agency took a particular action. *See Watergate II Apartments. v. Buffalo Sewer Auth.*, 46 N.Y.2d 52, 57-58 (1978). The Prison Litigation Reform Act, however, is the controlling law in federal court, and it prohibits an inmate from bringing suit under 42 U.S.C. § 1983 implicating prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a);*see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes . . . or some other wrong."). Accordingly, Toliver may not avoid having to exhaust his administrative remedies.

* * *

5

We have considered Toliver's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk